UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL H. DEERING,

    Petitioner,

v.	CASE NO. 11-cv-10701
	HONORABLE DENISE PAGE HOOD

DIRECTOR, MICHIGAN
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING THE STATE'S MOTION TO DISMISS THE HABEAS PETITION,
DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Paul H. Deering has filed a petition for the writ of habeas corpus. Currently pending before the Court is the State's motion to dismiss the habeas petition on grounds that (1) the statute of limitations has expired, (2) Petitioner is a fugitive from justice and does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), and (3) Petitioner did not exhaust state remedies for his claims.

The Court finds it unnecessary to decide whether the statute of limitations has expired or whether Petitioner has exhausted remedies in state court, because Petitioner remains a fugitive from justice. Accordingly, the State's motion to dismiss is granted. A procedural history and discussion follow.

## I. BACKGROUND

### A. The Plea and Delayed Sentencing Agreement

Petitioner was charged in Oakland County, Michigan with failure to pay child support.

He was living in California at the time and was extradited to Michigan, where he was confined in jail. On January 27, 2006, Petitioner pleaded guilty, as charged, to failure to pay child support. See Mich. Comp. Laws § 750.165. He admitted at the plea proceeding that, between June of 2003 and June of 2005, he had an obligation to pay child support in Oakland County, Michigan and that he willfully failed to pay it. The arrearage was over $130,000.

The plea and sentencing agreement required the trial court to delay sentencing for six months, beginning on February 10, 2006, so that Petitioner could attempt to reduce his debt. The other terms of the agreement were as follows: if Petitioner paid the entire arrearage in six months, the prosecutor would dismiss the case; if Petitioner paid one-half the arrearage, the prosecutor would reduce the charge to a misdemeanor known as attempted failure to pay child support; and if Petitioner paid nothing, the trial court would sentence him at the end of six months.

At a hearing on February 10, 2006, the plea agreement was once again explained on the record, and the trial court agreed to delay sentencing until August 25, 2006. The court authorized Petitioner to return to California, but ordered him to pay court costs, restitution, child support, and related expenses. The trial court also ordered Petitioner not to leave the United States.[1]

Petitioner returned to California, and on August 25, 2006, his sentencing was adjourned to September 8, 2006. Petitioner failed to appear in court on September 8, 2006, and a bench warrant was issued for his arrest. He remains at large.

---

[1] Petitioner is a citizen of Ireland.

2

**B. The Previous Petitions for the Writ of Habeas Corpus**

Petitioner has filed two other federal petitions for the writ of habeas corpus, but both petitions were summarily dismissed. In a 2005 petition, Petitioner challenged his extradition to Michigan. He filed his petition in the United States District Court for the Central District of California, which transferred the case to the Eastern District of Michigan. This Court summarily dismissed the habeas petition because Petitioner had already been extradited, and his claim was moot. *See Deering v. Bouchard*, No. 06-11671 (E.D. Mich. June 30, 2006).

In 2006, Petitioner filed another habeas corpus petition in the Central District of California. The California District Court once again transferred the case to this District, and this Court summarily dismissed the petition because Petitioner was a fugitive from justice. *See Deering v. State of Michigan*, No. 07-cv-10408 (E.D. Mich. Apr. 30, 2007). Petitioner appealed that decision, but the United States Court of Appeals dismissed the petition for want of prosecution. *See Deering v. State of Michigan*, No. 07-1666 (6th Cir. Sept. 25, 2007.)

**C. The State Complaint for Writ of Habeas Corpus and
   the Pending Petition for Writ of Habeas Corpus**

Petitioner also filed a complaint for the writ of habeas corpus in state court. The Michigan Court of Appeals dismissed the complaint without explanation, *see In re Deering*, No. 293607 (Mich. Ct. App. Oct. 5, 2009), and on November 23, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See Deering v. People of the State of Michigan, et al.*, 485 Mich. 980; 774 N.W.2d 861 (2009).

3

On February 22, 2011, Petitioner filed the pending federal habeas corpus petition through counsel. He claimed to be on probation and waiting to be sentenced in Oakland County Circuit Court. His supporting brief alleges that: (1) the State of Michigan lacked jurisdiction over him because the crime occurred outside Michigan; (2) the trial court lacked jurisdiction to accept his plea; (3) the statute for failure to pay child support is unconstitutional and violates his right to due process; (4) trial counsel was ineffective for insisting that he plead guilty as charged; (5) his prosecution and conviction are cruel and unusual punishment under the Eighth Amendment to the United States Constitution; and (6) the felony child support statute is unconstitutional because it creates a debtor's prison.

The State argues in its motion to dismiss the habeas petition that the petition is barred by the one-year statue of limitations. *See* 28 U.S.C. § 2244(d). The State also maintains that Petitioner has not exhausted state-court remedies for his claims and that Petitioner is a fugitive who is not entitled to attack his conviction while avoiding a valid conviction.

Petitioner replies that his petition is timely because he filed it within one year of the deadline for seeking review in the United States Supreme Court. He asserts that he is in custody because he was considered a probationer by the Michigan Department of Corrections when he filed his petition and because his liberty has been restricted. Finally, he claims that the exhaustion requirement was satisfied when the Michigan Supreme Court denied leave to appeal. As noted, the Court finds it unnecessary to decide whether the statute of limitations has expired or whether Petitioner has exhausted state remedies for his claims, because Petitioner is still a fugitive from justice.

## II. DISCUSSION

The law on fugitives from justice has been explained as follows:

> The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal conviction in a court in this country. The doctrine is long-established in both the federal and state courts, trial and appellate. The power of an American court to disentitle a fugitive from access to its power and authority is not jurisdictional in nature, see *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) ("[S]uch [fugitive status] does not strip the case of its character as an adjudicable case or controversy . . . ."), nor does it implicate constitutional privileges, see *Ortega-Rodriguez v. United States*, 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). Rather, the doctrine is an equitable one, see *United States v. Sharpe*, 470 U.S. 675, 681 n. 2, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985), that rests upon the supervisory power of the federal courts to administer the federal court system, see *Goeke v. Branch*, 514 U.S. 115, 115 S. Ct. 1275, 131 L. Ed.2d 152 (1995); *Thomas v. Arn*, 474 U.S. 140, 146, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985).

*Brown v. O'Dea*, 187 F.3d 572, 581 (6th Cir. 1999) (Merritt, Circuit Judge, concurring), *judgment vacated on other grounds*, 530 U.S. 1257 (2000). There are several reasons for the doctrine:

> First, so long as the party cannot be found, the judgment on review may be impossible to enforce. . . . Second, . . . an appellant's escape "disentitles" him "to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S. Ct. 498, 499, 24 L. Ed. 2d 586 (1970) (*per curiam*). [Additionally,] [d]isentitlement "discourages the felony of escape and encourages voluntary surrenders," and "promotes the efficient, dignified operation" of the courts. *Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S. Ct. 1173, 1175, 43 L. Ed. 2d 377 (1975) (*per curiam*) . . . .

*Degen v. United States*, 517 U.S. 820, 824, 116 S. Ct. 1777, 1781, 135 L. Ed. 2d 102 (1996), *superseded by statute as stated in United States v. Salti*, 579 F.3d 656, 666 n.10 (6th Cir. 2009). "Disentitlement is consistent with the inherent power of a court to manage its own affairs," and it "applies to federal trial courts in civil cases . . . ." *Prevot v. Prevot*, 59 F.3d 556, 565, 564 (6th Cir. 1995).[2]

---

[2] "Habeas corpus proceedings are characterized as civil in nature." *Mayle v. Felix*, 545 U.S. 644, 654 n.4, 125 S. Ct. 2562, 2569 n.4, 162 L. Ed. 2d 582 (2005).

Petitioner has not reported for sentencing in Oakland County Circuit Court, and records maintained by the Michigan Department of Corrections on its official website confirm that Petitioner is an absconder.[3] He has "flouted the interests of the criminal courts in enforcing his criminal conviction," *Prevot v. Prevot*, 59 F.3d at 567, and no persuasive reason exists for adjudicating the merits of his claims. His flight "operates as an affront to the dignity of the court's proceedings." *Ortega-Rodriguez v. United States*, 507 U.S. at 246; 113 S. Ct. at 1207. Accordingly, the State's motion to dismiss (docket no. 5, filed April 29, 2011) is **GRANTED** and the habeas corpus petition is **DISMISSED** without prejudice.

### III.  CERTIFICATE OF APPEALABILITY

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034, 154 L. Ed. 2d 931 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability under § 2253(c), a habeas prisoner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (quotation marks and citation

---

[3] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=594333.

omitted).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*, 529 U.S. at 484, 120 S. Ct. at 1604.

Reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right.  The Court therefore declines to issue a certificate of appealability.


        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  February 29, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager